WOOD et al. v. MANUFACTURERS' COMMERCIAL CO.

(Supreme Court, Appellate Term. November 24, 1908.)

PRINCIPAL AND AGENT (§ 190*)—ACTIONS AGAINST AGENT—EVIDENCE—SUFFICIENCY—NEGLIGENCE.

In an action for negligence against an agent to collect accounts due plaintiffs, the evidence *held* to warrant a finding for defendant.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 190.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William Wood and another against the Manufacturers' Commercial Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Howard Taylor (John G. Jackson, of counsel), for appellants.
Elbridge L. Adams, for respondent.

SEABURY, J. The plaintiffs sue to recover damages for the alleged negligence of the defendant. The defendant was the agent of the plaintiffs to collect certain accounts due to the plaintiffs. The evidence presented only a question of fact as to whether the defendant was negligent. The defendant proved the efforts which it made to collect the accounts, and in regard to some of the accounts it offered evidence to show that it would be difficult or impossible to establish that the goods for which the accounts had been rendered were delivered. Upon the whole case, the trial justice was justified in finding for the defendant. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). The plaintiffs, in their complaint, alleged that on or about February 27, 1904, the defendant, as collection agent, undertook for the plaintiffs the collection of certain bills for goods sold and consigned, and dated February 27, August 28, and September 30, in the year 1904, and that by and through the carelessness, negligence, and default of the defendant they have been and still are unable to collect or secure the collection of the said accounts, nor has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant collected the same. Assuming, for it was upon belief and without objection testified that bills receivable for the three said accounts had been assigned to the defendant either in name or in blank, the defendant herein might be liable upon an implied agreement to collect, as the defendant had expressly agreed to maintain a collection department to undertake the collection of all bills receivable not paid when due, and it (or its assignor) was solely authorized to collect said bills, and, when payment was disputed or refused, at the cost of the plaintiffs, who, having surrendered their legal title, as by their contract they had agreed to assign all bills or accounts receivable for goods sold by them through a certain party named, whether credited by the defendant or not, would be and were in no position to enforce by action any such claim. Activity was thus called for on the part of the defendant, in whom was reposed the authority to collect at the cost of the plaintiffs when payment of said accounts were refused, and a self-imposed obligation to proceed. Judgment in its favor was therefore unwarranted in law.

Judgment should be reversed, and new trial ordered, with costs to appellants to abide the event.